Willis Gessler, Sole Proprietor, Doing Business as Gessler's Upholstery, Appellee, v. Myco Company, Inc., a Foreign Corporation, Robert W. Gosdick, Trustee, Appellant.

Gen. No. 11,467.

Second District, First Division.

February 23, 1961.

William H. Barrick, of Rockford, for appellant.

Thomas & Davis, of Rockford, for appellee.

SMITH, P. J.

This appeal involves the validity of a general assignment for the benefit of creditors. Plaintiff is a judgment creditor of the assignor-debtor, Myco Company, Inc. Plaintiff's judgment postdates the assignment to which he did not consent. Finding no property of his debtor around he commenced garnishment proceedings against the debtor's assignee, Robert W. Gosdick. The court below gave plaintiff judgment in the full amount of his claim holding the assignment void as to him. The correctness of this ruling is brought here for review by the assignee.

General assignments for the benefit of creditors are a convenient trust device by which a debtor

at the end of his rope divests himself of his estate by conveying it to an assignee. The assignee then sells the property, and if the proceeds are insufficient, prorates them among the creditors. Such payments, however, do not release the debtor from future liability on the unpaid balance unless a creditor agrees that such payment shall act as a full release. The law has always sanctioned honest settlements made by a debtor with his creditors, because settlements of this character, fairly made, obviate litigation, expedite settlement and minimize waste. They have long been recognized in Illinois and approved of for these reasons. For these reasons, too, validity is not dependent upon consent of the creditors. However, an assignment may be rendered invalid by a debtor annexing thereto conditions onerous to his creditors and favorable to himself. In such happenstance, the assignment is no longer for the benefit of *creditors*. It is rather an assignment for the benefit of the *debtor* and it is then void as to creditors who do not consent thereto.

■ One condition which will render an assignment invalid is when it puts creditors to a choice of taking a fraction of their claims in settlement of the whole. In other words, an assignment must not contain a condition requiring a full release in order for a creditor to secure partial payment. "Thus assignments purportedly for the benefit of creditors, which place such creditors upon the choice of taking nothing at all or a fraction of their claims in settlement of the whole, are invalid as to non-consenting creditors." Tribune Co. v. Canger Floral Company, 312 Ill. App. 149, 37 N.E.2d 906, 909. Therein, quoting from Conkling v. Carson, 11 Ill. 503, it is stated:

"The law does not allow a debtor to impose such harsh and onerous conditions upon his creditors. . . . he is not permitted to say to any of his creditors that they shall not participate in his

229

present estate, unless they will release all right to satisfy the residue of their debts out of his future acquisitions."

■ Is there such a condition here? The assignment instrument itself does not disclose any. We thus direct our attention to such other documents as may be pertinent. The first of these is a letter sent by the assignee on the same day the assignment became effective to the creditors, entitled "Offer," which advised them of the fact that an assignment had been made, the reasons behind it, and the debtor's general financial picture. It concluded as follows:

"So that we may know we have your *cooperation* in connection with this matter, won't you please sign and return the enclosed consent form together with an itemized statement of your account."

The second pertinent instrument, the "enclosed consent form," we set forth in full:

"Consent.

"The undersigned, a creditor of Myco Company, Inc., a Delaware corporation having its principal place of business in Illinois at 705 Pleasant Street, Belvidere, Illinois, does hereby consent to the assignment of all the assets of every kind and description of the said Myco Company, Inc., to Robert W. Gosdick as Trustee for the benefit of creditors and does hereby *agree to accept the pro-rata share paid* on the undersigned claim from the fund derived from the liquidation of the aforesaid assets *in full settlement* of all claims of every name and nature against the said Myco Company, Inc.

"The undersigned further *authorizes* the said Robert W. Gosdick *to execute a full release* of the annexed account of the said Myco Company, Inc.,

after distribution of the proceeds derived from the assets has been made. The undersigned agrees not to institute proceedings for the collection of the annexed account during the life of this Trusteeship."

This exact consent-form, when coupled with a restrictive endorsement releasing the debtor from further liability on a dividend check, voided an assignment as to a non-consenting creditor in the Tribune Co. case, above noted:

"To allow such prohibited releases to be obtained through indirection by the assignee by their inclusion in consent forms and indorsements on dividend checks would be to sanction the very thing which the courts of this state refuse to permit debtors themselves to do. . . . Surely conditions which, if contained in assignments for the benefit of creditors, would render same invalid, cannot be legally imposed on the creditors by the assignee in behalf and for the benefit of the debtor assignors." Tribune Co. v. Canger Floral Co., 312 Ill. App. 149, 37 N.E.2d 906, 910.

There is no restrictive indorsement involved here. We thus come to the heart of the problem. Does the consent-form with the letter place upon plaintiff the choice of taking a fraction of his claim in settlement of the whole? We think they do. Even though a signed consent-form may not be in fact a pre-condition to pro rata payment, as the assignee argues, it certainly sounds like one. To ask a creditor to "agree to accept the pro-rata share paid" on his claim, "in full settlement of all his claims" and to authorize the assignee "to execute a full release," looks to us like the assignee on behalf of his debtor is trying to impose a condition, that if contained in the assignment would render it invalid. We quote further from the Tribune Co. case (p. 909, 37 N.E.2d):

"We are impelled to agree with plaintiff that the facts and circumstances in evidence disclose that an obvious attempt has been made here to circumvent the foregoing rules of law by omitting from the assignments themselves a provision for the discharge in full of the creditors' claims upon their acceptance of their pro rata share of the proceeds of the sale of the assets of the debtors and then inserting such a provision both in the consents and indorsements on the dividend checks mailed to the creditors by the garnishee trustee."

The debtor by a general assignment is relieved from the chore of composing his creditors. He avoids the stigma of bankruptcy, the harried pursuit by anxious creditors, and he more or less weathers the storm with reputation intact. Nobody blames a debtor for desiring to wipe the slate clean, but he should not communicate this desire to his creditors in the form chosen here. When he does so, he transforms what was a mere wish, into a not too subtle hint that if the creditors do not oblige they might not get paid. Creditors do not have to abide such coercion, and if the choice is put to them, the debtor or here, the assignee, take the chance that if any particular creditor does not accept the assignment is invalid at his election.

It may be true, as the assignee argues, that plaintiff will be treated on a par with others, but if this is so, why send out the consent-forms in the first instance? The assignment itself is valid without the need of anyone's consent. Quite obviously, the assignee, for his debtor, was hoping to obtain the much-sought-for total release. He was hopeful that the creditors would be induced into signing. But here the inducement was baited. The implication in the "Offer" is that a creditor will be better off if he signs the consent-form.

232

He is thus placed in a dilemma. If he chooses not to consent, there is certainly every good reason for him to believe that he will suffer, at the very least, some disparagement of position. If he does consent, he then, willy-nilly, agrees to release his debtor for less than the full amount of his claim. A creditor can do so if he wants to, but it should not be put to him in the context that if he doesn't he will be left out in the cold.

The assignee suggests that with a corporation there could never be after-acquired property anyway, and therefore, a creditor doesn't really sacrifice anything when he agrees to take less, hence there is no coercion and no onerous condition. The short answer to this is that the preservation of the balance of his unpaid-debt is a matter peculiarly within the province of the creditor, and is of no concern to the debtor or his assignee or, indeed, anyone. A creditor's reasons may not appear reasonable, but in the final analysis, that is a matter strictly for him to decide.

A debtor caught in the rain of adversity and seeking an umbrella over his assets may do so by way of the general assignment, but he should not at the same time importune his creditors for total absolution, by suggesting through his assignee that their "co-operation" demands it, and that there will be no payments to them absent total absolution. This is putting creditors to a forbidden choice. The uses of adversity may be sweet, but they are not so sweet that a debtor can convert himself into a "dispenser of alms" to his very own creditors. See Ill. Law Forum, Vol. 1958, No. 4, p. 600, citing Grover v. Wakeman, 11 Wend. 187 (N. Y.). There is here an attempt to indirectly coerce plaintiff into a release of his debt for less than the full amount. The assignment is void as to plaintiff and it follows that plaintiff has the right to reach funds in the hands of the assignee

by garnishment proceedings. The judgment below is therefore affirmed.

Affirmed.

McNEAL, J. and DOVE, J., concur.